### No. 150

### ERSKINE & KROECK

Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 21, 1923

115. AUTOMOBILES — Driver stopping automobile, after having sounded warning of approach, within its length, after striking boy of seven, will not be reversed notwithstanding evidence was conflicting.

POLLOCK, J.

Epitomized Opinion

First Publication of this Opinion

This was an action for personal injury, brought by Erskine, a boy seven years of age. The plaintiff was struck by the defendant's automobile along an improved highway located near the Village of Lowellville. There was a conflict of evidence as to the rate of speed at which the defendant was operating his car. The evidence also disclosed that defendant blew his horn, but there was some doubt whether he blew his horn loud enough for plaintiff to hear him. The one undisputed point in the case was that the automobile only went about the car's length before stopping after striking the boy. The jury returned a verdict for defendant, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Although the evidence was in conflict on some points, yet in view of the fact that the automobile stopped within a car's length and that the horn was sounded it cannot be held that the defendant's negligence was of such a character as to warrant this court in reversing the lower court upon the ground that the verdict was manifestly against the weight of the evidence.

Attorneys—Lyons & Wall, for Erskine; Harrington, DeFord, Huxley & Smith, for Kroeck, all of Youngstown.

### No. 151

### VAN EPP et al v. MAST et al.

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4667. Decided Nov. 26. 1923

182. BROKERS—Burden is on real estate broker to establish contract to sell and verdict of jury finding no contract to pay commission will not be reversed.

VICKERY, P. J.

Epitomized Opinion

First Publication of this Opinion

This was an action for a real estate commission. Van Epp had a written contract with Mast, whereby he had the exclusive agency to sell a piece of property belonging to Mast up until Nov. 1st, 1920. The contract provided that Van Epp was to have 5 per cent commission if the property was sold by the former, the owner or any other person during the life time of the contract. In July, 1921, the property was sold by Mast to his neighbor. This action was then brought to recover the 5 per cent commission. Van Epp and his son testified that an oral contract for the year of 1921 was made which incorporated the terms of the agreement of the previous year. Mast denied this. The jury returned a verdict for the defendant, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the burden was upon Van Epp to prove this contract by a preponderance of the evidence, a reviewing court cannot say that the verdict of the jury to the effect that no such contract existed was manifestly against the weight of the evidence.

Attorneys—Scott & Bissell, for Van Epp et al; Squire, Sanders & Dempsey, for Mast et al.